UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIABETIC CARE RX, LLC d/b/a PATIENT CARE AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:18 CV 1176 CDP ) |
| EXPRESS SCRIPTS, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Diabetic Care RX, LLC, d/b/a Patient Care America, is a pharmacy located in Florida. In 2012 it entered into a "Pharmacy Provider Agreement" with defendant Express Scripts, Inc., a pharmacy benefits manager based in Missouri. That contract provides that all disputes "arising from or relating in any way to the interpretation or performance" of the agreement "shall be resolved by binding arbitration." I will grant Express Scripts' motion to compel arbitration, and will vacate the temporary restraining order issued previously in this case. Because the parties' arbitration agreement covers all claims and issues in this case, I will also dismiss the case.

## Background

Defendant notified plaintiff that it was terminating the Pharmacy Provider Agreement because plaintiff had failed to disclose its involvement in certain civil and criminal litigation. Plaintiff then filed this case in Florida state court on June 14, 2018, and obtained an *ex parte* Temporary Restraining Order that same day. Defendant removed the case to the Florida federal court as soon as it received notice that suit had been filed, and the next day it moved to transfer the case to this district. It also sought to dissolve the Temporary Restraining Order. The Florida federal court granted the motion to transfer the case to this district on July 18, 2018, after twice extending the Temporary Restraining Order in response to plaintiff's two "emergency" motions. On Thursday, July 26, 2018, plaintiff filed an "emergency" motion in this Court to again extend the TRO. The TRO was set to expire shortly after noon the following day, and plaintiff's papers again indicated that patient safety would be compromised if the TRO were not extended. Based on that representation and on the previous finding from the Florida court that defendant would not be prejudiced, I granted the motion and again extended the TRO, without giving defendant an opportunity to be heard. I also set a telephone conference for Monday, July 30, 2018.

During the telephone conference, counsel indicated that they and their clients had discussed "transitioning" patients to another provider, and that they expected this

process to take another four weeks. Plaintiffs argued that the restraining order should remain in effect and defendants argued that the Court should compel arbitration and dissolve the restraining order.

## Discussion

The parties' contract leaves no doubt that they agreed to arbitrate this dispute. Section 7.15 of the Provider Agreement states, in relevant part:

> **Binding Arbitration**. *Any claim or controversy* ("Claim"), whether under federal or state statutory or common law, brought by either ESI or the Pharmacy against the other, or against the employees, members, agents or assigns of the other, *arising from or relating in any way to the interpretation or performance of this Agreement* or any prior Agreement, including Claims regarding the validity of this arbitration provision, *shall be resolved by binding arbitration*. . . . Venue for the arbitration shall be in St. Louis County, Missouri. . . .

(Dkt. #10-1)(emphasis added).

The Federal Arbitration Act (FAA) applies to all contracts involving interstate commerce. 9 U.S.C. § 1 *et seq*. "The FAA reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). The FAA established a strong policy favoring arbitration and "any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) *superseded by statute on other grounds*. In *Rent-A-Center*, the Supreme Court reaffirmed that parties can also agree to arbitrate threshold

questions of arbitrability, such as whether parties have agreed to arbitrate or whether an arbitration agreement is enforceable. *Rent-A-Center*, 561 U.S. at 68.

Under the FAA, "[b]roadly worded arbitration clauses . . . are generally construed to cover tort suits arising from the same set of operative facts covered by a contract between the parties to the agreement." *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 800 (8th Cir. 2005) (arbitration clause covering any claim arising out of or relating to the operation of a franchised business was sufficient to include a fraudulent misrepresentation claim made by franchisee against principals of franchisor); *see also PRM Energy Systems, Inc. v. Primenergy, L.L.C.*, 592 F.3d 830, 836-37 (8th Cir. 2010) (finding arbitration clause covering "all disputes arising under" the agreement was "generally broad" in scope and holding that arbitration may be compelled "as long as the underlying factual allegations simply touch matters covered by the arbitration provision"); *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008) (implying that clauses requiring arbitration of "any" or "all" disputes should be interpreted extensively").

Plaintiff does not contest that "certain claims" are subject to the arbitration provision, but it argues that certain other claims are not covered and that defendant has waived its right to arbitrate. A review of plaintiff's state-court petition shows that all of the claims arise out of or relate to the Provider Agreement with defendant. The "factual allegations" section of the petition shows that the entire relationship of the

4

parties is based on the Provider Agreement and that it was the termination of the contract that gave rise to this lawsuit. Although plaintiff alleges that it had no real choice but to join either defendant's network or that of another pharmacy benefit manager, that does not negate the fact that it did, in fact, join defendant's network and sign a contract. The essence of all of its allegations is that defendant should not have terminated the contract. All of the claims, including those based on state law, arise from or relate to the agreement.

Plaintiff argues that defendant waived the right to arbitrate "at the very least the TRO." [ECF # 73 at p. 13]. Specifically, plaintiff argues that defendant's motion to transfer the case to this district and its motions to vacate the TRO are actions inconsistent with asserting its arbitration rights. The record shows that defendant removed the case to federal court immediately upon being informed that it existed, and promptly moved to transfer the case to this district. Under § 4 of the Federal Arbitration Act, the Florida court could not have compelled the arbitration to take place in St. Louis County, Missouri, as required by the contract, so this course of conduct was not at all inconsistent with asserting its right to arbitration. Defendant moved to compel arbitration only two days after the case was actually transferred here. And seeking to end the TRO that was issued without notice is not the type of inconsistent act that would waive a right to arbitration. I suspect that had defendant *not* sought to vacate the TRO, plaintiff would argue that defendant's failure to do so

5

constituted a waiver. In any event, the record of this case makes clear that defendant has done "all it could reasonably have been expected to do" to assert its right to arbitration. *See ABF Freight Sys., Inc. v. Int'l Brotherhood of Teamsters,* 728 F.3d 853, 862 (8th Cir. 2013).

Plaintiff's argument that this Court should somehow continue to exercise jurisdiction over the injunctive relief it requests simply makes no sense. To properly grant an injunction, the Court would be required to examine whether the plaintiff has shown a likelihood of success on the merits of the claim. This would, of course, require examination of the contract and interpretation of the contract provisions – the very actions assigned by the parties' contract to the arbitrators.

Finally, it appears that the Temporary Restraining Order was improvidently granted by the state court, and that it was improvidently extended by this Court as well as by the Florida federal court. Plaintiff's allegations that patient safety was at risk were, at best, overstated. Nothing prevents plaintiff from continuing to provide pharmacy goods and services to the patients if the patients ask it to do so and if it chooses to do so – the only issue is whether plaintiff will be compensated under defendant's Provider Agreement for doing so.

Because all the issues raised in the Petition, including the request for injunctive relief, must be submitted to arbitration, dismissal of the case, rather than a stay, is appropriate. Although the Eighth Circuit concluded in *Green* that the district court

abused its discretion in dismissing rather than staying the case, it did so because "it was not clear all of the contested issues between the parties [would] be resolved by arbitration." *Green v. SuperShuttle Intern., Inc.,* 653 F.3d 766, 770 (8th Cir. 2011). Here, the opposite is true. The claims can be fully resolved by the arbitration. The agreement mandates arbitration for all claims in the petition because all are claims "arising from or relating in any way to the interpretation or performance of this Agreement." *See also Randazzo v. Anchen Pharmaceuticals, Inc.*, No. 4:12-CV-999 CAS, 2012 WL 5051023, at *8 (E.D. Mo. Oct. 18, 2012) (holding dismissal appropriate so that the parties could proceed with arbitration and that staying the case served no purpose).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, to Compel Arbitration, and to Dissolve the Temporary Restraining Order [68] is granted, as is its more-recently filed Motion to Dissolve Plaintiff's Temporary Injunction [79].

**IT IS FURTHER ORDERED** that the Temporary Restraining Order in this case is vacated.

A separate Order of Dismissal is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of August, 2018.